**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LUIS SALAZAR-BENITEZ, | |
| Plaintiff | CIVIL ACTION NO. 4:24-CV-01912 |
| v. | (MEHALCHICK, J.) |
| MERRICK GARLAND, et al., | |
| Defendants. | |

**<u>MEMORANDUM</u>**

Plaintiff Luis Salazar-Benitez ("Salazar-Benitez") initiated this *pro se* action on November 6, 2024, by filing a complaint against Defendants Merrick Garland, Alejandro Mayorkas, Chief Counsel of Immigration, Stephen Waite, Daniel Ruggiazo, Madam Collete Peters, Madam Amy Bucker, Mr. Timothy Barnett, Mr. J. Greene, and Madam B. Stroble (collectively, "Defendants"). (Doc. 1). On December 2, 2024, Salazar-Benitz filed a motion to proceed *in forma pauperis*. (Doc. 4). On January 21, 2025, Chief Magistrate Judge Daryl F. Bloom screened the complaint in accordance with 28 U.S.C. § 1915 and recommended that the Court dismiss this action. (Doc. 8). For the following reasons, the Court adopts Judge Bloom's report and recommendation and dismisses Salazar-Benitez's complaint without prejudice to his ability to bring his claims in a habeas action or in an appeal of his order of removal.

### I. BACKGROUND AND PROCEDURAL HISTORY

Salazar-Benitez, a citizen of Mexico currently serving a federal criminal sentence, requests the Court grant him a writ of mandamus compelling Defendants to 1) open an asylum case on his behalf, 2) defer his removal from the United States, 3) adjust his earned

time credits pursuant to the First Step Act, and 4) adjust his prison release date. (Doc. 1; Doc. 8, at 1-2). According to Judge Bloom, Salazar-Benitz's complaint appears to be attempting to challenge the fact or length of his confinement in federal prison in a writ of mandamus, when such challenges must be brought in a habeas action. (Doc. 8, at 7-10). Judge Bloom further concluded that the writ of mandamus is an exceedingly narrow remedy that plaintiffs cannot use to challenge orders of removal. (Doc. 8, at 9). Judge Bloom concluded that the complaint should be dismissed without prejudice to Salazar-Benitz's ability to bring his claims in a habeas action or in an appeal to his order of removal. (Doc. 8, at 10-11). On February 6, 2025, Salazar-Benitz filed a timely objection. (Doc. 9).

## II. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v.*

2

*Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

### III. DISCUSSION

Judge Bloom liberally construed Salazar-Benitez's *pro se* complaint to be challenges to his order of removal and the length and fact of his detention. (Doc. 8, at 7-10). Judge Bloom first correctly concluded that to the extent Salazar-Benitez is challenging his order of removal, federal district courts lack jurisdiction over such claims. (Doc. 8, at 7-9); *see E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 184 (3d Cir. 2020) (noting that noncitizens "may not challenge removal orders in district court. Instead, [noncitizens] must bring those challenges in a 'petition for review filed with an appropriate court of appeals'" (quoting 8 U.S.C. § 1252 (a)(5)). Judge Bloom then correctly concluded that challenges to the fact or length of detention must be brought in a habeas action. (Doc. 8, at 7-10); *see In re Mikanda*, 321 F. App'x 154, 156 (3d Cir. 2009) (nonprecedential) (stating "to the extent that [plaintiff] is attempting to challenge his pre-trial detention, such a challenge is properly raised [in a habeas petition] under 28 U.S.C. § 2241 and not through a petition for writ of mandamus"); *see also Joseph v. U.S. Atty. Gen.*, 236 F. App'x 787, 789 n.3 (3d Cir. 2007) (nonprecedential) (noting that challenges to detention must be brought through a habeas action). Judge Bloom noted that the *pro se* complaint is not entirely clear as to the nature of its claims but correctly concluded that the writ of mandamus is a narrow remedy which cannot be utilized where a plaintiff has other available forms of relief. (Doc. 8, at 9); *see In re Codner*, 643 F. App'x 214, 218 (3d Cir. 2016) (stating that the "writ of mandamus is an extreme remedy that is used only in extraordinary situations [and to] justify the use of this extraordinary remedy, a petitioner

must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired" (citations omitted)).

In his objection, Salazar-Benitez argues that the Court should not adopt Judge Bloom's report and recommendation because Salazar-Benitez does not challenge his order of removal in his complaint but rather requests that the Court order the Department of Homeland Security to initiate an asylum claim on his behalf and consider him for deferred removal. (Doc. 9, at 4-5). According to Salazar-Benitez, he has tried to initiate asylum proceedings, and the Department of Homeland Security has ignored his submissions. (Doc. 9, at 2-5). However, Salazar-Benitez does not provide any argument contradicting Judge Bloom's conclusion that he is challenging the fact and length of his detention outside of a habeas action. (Doc. 8, at 7-10). Based on the Court's review of the complaint, Judge Bloom is correct that Salazar-Benitez's claims must be brought through habeas rather than through a mandamus action because he is challenging the fact and length of his detention. *See* (Doc. 1, at 21) (stating "[Salazar-Benitz] is currently, to the best of his knowledge, remaining in the custody of the [Burrough of Prisons] unlawfully"); *see In re Mikanda*, 321 F. App'x at 156 (noting challenges to detention must be brought through habeas); *see also Joseph*, 236 F. App'x at 789 n.3 (noting the same). Further, even if Judge Bloom misconstrued Salazar-Benitez's *pro se* complaint to include a challenge to a final order of removal rather than a challenge to the Department of Homeland Security's failure to initiate asylum proceedings, Judge Bloom is still correct that the Court may not issue a writ of mandamus to address this issue because Salazar-Benitez has other means of relief. *See In re Codner*, 643 F. App'x at 218 (noting that a court may not issue a writ of mandamus where other means of relief are available); *see also Salloum v. United States Dep't of Homeland Sec.*, No. CV 25-00334, 2026 WL 74197, at *6

4

(D.N.J. Jan. 9, 2026) (rejecting a plaintiff's claim "that he is entitled to mandamus relief because Defendants failed to adjudicate his asylum application in a reasonably timely manner" because the plaintiff had other means of relief such as a claim under the Administrative Procedures Act); *see also* Zengin v. Mayorkas, No. CV 24-2196, 2025 WL 337594, at *5 (D.N.J. Jan. 29, 2025) (rejecting a defendant's request for a writ of mandamus directing the government to initiate asylum proceedings because "an adequate alternative remedy exists"). The Court finds that Judge Bloom's conclusions are well founded and agrees with his conclusion that Salazar-Benitz must bring his claims in a habeas action rather than through a mandamus action. (Doc. 8, at 10-11). The Court **ADOPTS** Judge Bloom's report in full. (Doc. 8).

IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the report and recommendation **in full** as a decision of the Court. (Doc. 8). Salazar-Benitez's complaint (Doc. 1) is **DISMISSED without prejudice** to his ability to bring his claims in a habeas action or in an appropriate appeal of his order of removal. The Clerk of Court is directed to close this matter.

An appropriate Order follows.

Dated: June 29, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**